**WO**                                                                                      JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juan Martin Bravo-Diego, | ) | No. CV 07-886-PHX-MHM (JJM) |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| C. Apker, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Juan Martin Bravo-Diego (61599-208), who is confined in the Federal Correctional Institution in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid.[1] The Court will dismiss the Petition and direct the Clerk to send Petitioner a form for filing a motion pursuant to 28 U.S.C. § 2255.

**I.     Challenge to Illegal Reentry Conviction**

On September 15, 2003, Petitioner was convicted upon his plea of guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). United States V. Bravo-Diego, No. CR 03-0536-PHX-FJM (D. Ariz. J. entered Sept. 15, 2003). Petitioner was sentenced to be imprisoned for a term of 57 months. Id.

---

[1] Petitioner's Request for Waiver of Fees (Doc. #3) will be denied as moot because Petitioner has paid the filing fee.

1    Petitioner did not appeal his conviction.  Although he filed two post-judgment motions for

2    transcripts and a post-judgment "motion to reopen," he did not file a motion to vacate his

3    sentence under 28 U.S.C. § 2255.

4            In Count One of his § 2241 habeas corpus Petition, Petitioner asserts that his criminal

5    trial counsel provided him with ineffective assistance by failing to object to the validity of

6    his "first" deportation.  Doc. #1 at 5.  Count One therefore challenges the legality of his

7    conviction and not the execution of his sentence.  Thus, Count One is properly brought under

8    § 2255 and may only be brought under § 2241 if § 2255 is "inadequate or ineffective" to test

9    the legality of the detention.  Petitioner has the burden to show that § 2255 is inadequate or

10   ineffective.  Redfield v. United States, 215 F.2d 76, 83 (9th Cir. 1963).  The exception is a

11   narrow one.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); United States v. Pirro, 104

12   F.3d 297, 299 (9th Cir. 1997).  Petitioner does not explain why he did not seek relief under

13   § 2255.  If the § 2255 remedy is unavailable because it was time-barred when he filed this

14   action or because Petitioner failed to meet other gatekeeping requirements, § 2255 is not

15   rendered inadequate or ineffective.  See Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999) (*per*

16   *curiam*) (affirming district court's dismissal of § 2241 petition on basis that § 2255 is not

17   inadequate or ineffective when a successive § 2255 is not available).  Petitioner has therefore

18   failed to carry his burden to show that a § 2255 motion would be inadequate or ineffective.

19   Accordingly, Count One may not be brought under § 2241.

20           The Court may not construe a § 2241 petition as a § 2255 motion without making

21   certain warnings.  In Castro v. United States, 540 U.S. 375, 377 (2003), the Supreme Court

22   held a district court cannot recharacterize a motion as a defendant's first § 2255 motion

23   without first warning the petitioner that the recharacterization will subject subsequent § 2255

24   motions to the law's 'second or successive' restrictions, and allowing the petitioner an

25   opportunity to withdraw or to amend the action.  In lieu of making these warnings and

26   allowing Petitioner an opportunity to withdraw or amend, the Court will instead send him a

27   form for filing an action pursuant to 28 U.S.C. § 2255.  Should he choose to pursue a § 2255

28

1  action, he should file it in the District of Arizona in his criminal action, No. CR 03-0536-

2  PHX-FJM.  Count One of the present § 2241 Petition will be dismissed.

3  **II.      Challenge to 1998 Order of Removal**

4      In Counts Two, Three and Four of his § 2241 habeas corpus petition, Petitioner

5  challenges the order of removal that caused his deportation in 1998 and upon which his

6  illegal reentry conviction was based.  Petitioner asserts: (1) that the immigration judge

7  misinformed him about his eligibility for relief under § 212(c) of the Immigration and

8  Nationality Act ("INA"), 8 U.S.C. § 1182(c); (2) that the immigration judge improperly

9  treated Petitioner's prior state conviction as an aggravated felony offense; and (3) that

10  Petitioner was prejudiced by the immigration judge's failure to consider his eligibility for

11  relief under INA § 212(c).

12      Under the REAL ID Act of 2005, the district courts no longer have habeas corpus

13  jurisdiction to review an order of removal.  8 U.S.C. § 1252(a)(5) ("Notwithstanding any

14  other provision of law . . ., including section 2241 of Title 28, or any other habeas corpus

15  provision, . . a petition for review filed with an appropriate court of appeals . . . shall be the

16  sole and exclusive means for judicial review of an order of removal . . . .").  Additionally,

17  § 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging

18  a final administrative order of removal . . . **is pending in a district court on the date of**

19  **enactment**, then the district court shall transfer the case . . . to the [appropriate] court of

20  appeals."   REAL ID Act §106(c), Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005)

21  (emphasis added).  This action, however, cannot be transferred under § 106(c) of the REAL

22  ID Act because it was not pending in this Court on the date of enactment.  Accordingly,

23  Counts Two, Three and Four of the Petition will be dismissed for lack of jurisdiction.

24      **IT IS ORDERED** that Petitioner's Request for Waiver of Fees (Doc. #3) is **denied**

25  as moot.

26      **IT IS FURTHER ORDERED** that the Petition and this action are **dismissed**.  The

27  Clerk of Court must enter judgment accordingly.

28

1    **IT IS FURTHER ORDERED** that the Clerk of Court must provide to Petitioner a

2  current Court-approved form for filing a Motion to Vacate, Set Aside or Correct Sentence

3  By a Person in Federal Custody (28 U.S.C. § 2255).

4    DATED this 15th day of June, 2007.

5

6

7    _____

8    Mary H. Murgula
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for Filing a Motion to Vacate, Set Aside, or Correct a Sentence
by a Person in Federal Custody  (Motion Under 28 U.S.C. § 2255)
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court.  You also may use this form to challenge a federal judgment that imposed a sentence to be served in the future. You are asking for relief from the conviction or the sentence. This form is your motion for relief.  In this motion, you may challenge only one judgment.  If you want to challenge more than one judgment, you must file a separate motion for each judgment.  **This form should not be used in death penalty cases.** If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) requires that motions to vacate must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  Your Signature. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  No Filing Fee.  No fee is required with this motion.

5.  Original and Judge's Copy.  You must send an **original and one copy** of your motion and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You must file the form in the United States District Court that entered the judgment that you are challenging.  When you have completed the form, mail the **original and one copy** to the Clerk of the United States District Court at the division where you were sentenced:

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

Revised 3/9/07                                    1

8.  <u>Certificate of Service</u>.  You must provide the respondent with a copy of any document you submit to the Court (except the initial motion to vacate).  Each original document (except the initial motion to vacate) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondent and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:

Name:  _____

Address:_____

       Attorney for Respondent

_____

(Signature)

9.  <u>Amended Motion to Vacate</u>.  If you need to change any of the information in the initial motion to vacate, you must file an amended motion.  The amended motion must be written on the court-approved motion to vacate form.  You may file one amended motion without leave (permission) of Court before the respondent has answered your original motion to vacate.  <u>See</u> Fed. R. Civ. P. 15(a).  After the respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended motion to vacate.  LRCiv 15.1.  An amended motion may not incorporate by reference any part of your prior motion.  LRCiv 15.1(a)(2).  Any grounds not included in the amended motion to vacate are considered dismissed.

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Grounds for Relief.</u>  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this motion will likely be barred from being raised at a later date.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your motion being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the motion is being continued and number all pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **United States of America,** | ) | **No. CR** _____ |
| | ) | (Enter your criminal case number) |
| Plaintiff, | ) | |
| | ) | **No. CV** _____ |
| vs. | ) | (To be supplied by the Clerk) |
| | ) | |
| _____ , | ) | **MOTION UNDER 28 U.S.C. § 2255** |
| (Full name of Movant. Include the name under | ) | **TO VACATE, SET ASIDE OR** |
| which you were convicted.) | ) | **CORRECT SENTENCE BY A** |
| | ) | **PERSON IN FEDERAL CUSTODY** |
| Defendant/Movant. | ) | |
| _____ | ) | |

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    _____

    (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction: _____

3.  In this case, were you convicted on more than one count or crime?        Yes ☐        No ☐

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

    _____

    _____

    _____

**510**

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a)  What was your plea?

Not guilty          ☐

Guilty             ☐

Nolo contendere (no contest)      ☐

(b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☐      Judge only ☐

7.  Did you appeal from the judgment of conviction?      Yes ☐      No ☐

If yes, answer the following:

(a)  Date you filed: _____

(b)  Docket or case number: _____

(c)  Result: _____

(d)  Date of result: _____

(e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

8.  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐      No ☐

If yes, answer the following:

(a)  Date you filed: _____

2

(b)  Docket or case number: _____

(c)  Result: _____

(d)  Date of result: _____

(e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.   Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any court?        Yes ☐          No ☐

If yes, answer the following:

(a)  First petition, application or motion.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding: _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second petition, application or motion.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding: _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Did you appeal the action taken on your petition, application or motion?

(1)  First petition:      Yes ☐          No ☐

(2)  Second petition:   Yes ☐          No ☐

(d)  If you did not appeal from the action your petition, application or motion, explain why you did not:
_____
_____
_____
_____
_____
_____
_____
_____
_____

12.  For this motion, beginning on the next page, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION**:  If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

4

**GROUND ONE**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground One to the court of appeals?      Yes ☐      No ☐

(c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

5

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground Two to the court of appeals?        Yes ☐            No ☐

(c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

6

**GROUND THREE**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground Three to the court of appeals?        Yes ☐        No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you present the issue raised in Ground Four to the court of appeals?    Yes ☐       No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____
_____
_____
_____
_____
_____

**Please answer these additional questions about this motion:**

13.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?          Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____


14.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?          Yes ☐          No ☐

    If yes, answer the following:

    (a)  Name and location of the court that imposed the sentence to be served in the future: _____

_____

    (b)  Date the sentence was imposed: _____

    (c)  Length of the sentence: _____

    (d)  Have you filed, or do you plan to file, any motion, petition or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐


15.  TIMELINESS OF MOTION: If your judgment of conviction challenged in this motion became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2255 does not bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____

    *Section 2255 provides in part that:
      A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
          (1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

16.  Movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which Movant may be entitled.  (Money damages are not available in § 2255 cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Movant**


_____          _____
Signature of attorney, if any                                            Date

10